UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN ARUNGWA,

Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF CORRECTION,

Defendant.

**MEMORANDUM & ORDER**
25-CV-05660 (HG) (CHK)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff John Arungwa, proceeding *pro se*, sued his former employer, the New York City Department of Correction ("DOC"), alleging that he "was removed from [his] job as a result of being sick." ECF No. 1 at 5 (Complaint; "Compl.").[1] Plaintiff's request to proceed *in forma pauperis* ("IFP") is GRANTED. *See* ECF No. 4 (Motion for Leave to Proceed IFP). However, his Complaint is DISMISSED without prejudice for failure to state a claim.

## BACKGROUND[2]

Plaintiff initiated this action against DOC pursuant to the "Sick Leave Act (Medical Emergency Act[)]," invoking the Court's federal question jurisdiction. Compl. at 4. Plaintiff asserts that he was employed by DOC beginning "06/29/9," but on May 4, 2022, he got sick while on vacation. *Id.* at 5. He alleges that he told his "command and the sick desk," but

---

[1] Unless otherwise indicated, when quoting cases and Plaintiff's Complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

[2] The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

nevertheless, he "was removed from [his] job as a result of being sick." *Id.* Plaintiff asserts no other facts to support his claim. As for relief, Plaintiff "ask[s] [the] Court [to] look into [his] case and consider re-instat[ing] [him] back to [his] job position with any loss of wages." *Id.* at 6.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Although Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint, however, "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Put differently, the Court must construe *pro se* submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Moreover, "[a] *pro se* complaint should not be

dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Finally, a district court shall dismiss an IFP action where it is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Because Plaintiff brought this case under the "Sick Leave Act (Medical Emergency Act[)]," Compl. at 4, the Court liberally construes the Complaint to assert a claim under the Family and Medical Leave Act of 1993 (the "FMLA" or the "Act"), which provides an eligible employee with 12 workweeks of leave during any 12-month period for certain delineated reasons, including "a serious health condition that makes the employee unable to perform" his job, 29 U.S.C. § 2612(a)(1). However, for the reasons that follow, the Court finds that Plaintiff fails to sufficiently plead a claim under the FMLA.

### **I. DOC is a Non-Suable Entity**

First, Plaintiff improperly sued DOC, which is an agency of the City of New York and thus a non-suable entity. Under the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter ch. 17, § 396. In other words, "suits arising from acts of the DOC must be brought against the City of New York." *Bell v. New York City Dep't of Corr.*, No. 26-cv-3956, 2026 WL

1910869, at *2 (S.D.N.Y. July 2, 2026). Therefore, if Plaintiff elects to file an amended complaint, he must name the City of New York as a defendant rather than DOC.

## II. Plaintiff Fails to State a Claim under the FMLA

Second, Plaintiff fails to adequately allege either type of FMLA claim recognized by the Second Circuit: (1) an interference claim, "in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act," or (2) a retaliation claim, "in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Krosmico v. JP Morgan Chase & Co.*, No. 06-cv-1178, 2006 WL 3050869, at *2 (E.D.N.Y. Oct. 19, 2006).

### *A. Interference Claim*

To state a claim for FMLA interference, "a plaintiff must establish that the defendant denied or otherwise interfered with a benefit to which [he] was entitled under the FMLA." *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016) (citing 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise [ ] any right provided under this subchapter.")). Specifically, a plaintiff must allege: (1) that he is an eligible employee under the FMLA; (2) that the defendant is an employer under the FMLA; (3) that he was entitled to take leave under the FMLA; (4) that he gave notice to the defendant of his intention to take leave; and (5) that he was denied benefits to which he was entitled under the FMLA. *Id.*

Plaintiff fails to plead facts sufficient to make these showings. First, Plaintiff does not adequately allege that he is eligible for FMLA leave. An employee is eligible for FMLA benefits if he has been employed for at least 12 months by his employer and has worked at least 1,250 hours during the previous 12-month period. *See* 29 U.S.C. § 2611(2)(A). Plaintiff's

allegation that he "was employed by the [DOC] from 06/29/9" is not sufficiently specific. Compl. at 5. Second, although the FMLA defines "employer" to include a public agency like DOC, *see* 29 U.S.C. § 2611(4)(A)(iii), Plaintiff must explicitly assert that DOC is covered by the FMLA, *see Smith v. Westchester Cnty.*, 769 F. Supp. 2d 448, 466 (S.D.N.Y. 2011) (collecting cases). Third, Plaintiff's bare allegation that he was sick does not establish his entitlement to FMLA leave. *See* Compl. at 5. Plaintiff, however, can establish such entitlement by plausibly alleging that he had "a serious health condition" rendering him "unable to perform the functions of [his] position" at DOC. 29 U.S.C. § 2612(a)(1)(D). Fourth, Plaintiff does not allege that he gave notice to DOC of his intention to take FMLA leave. Although he "communicated to [his] command and the sick desk," Compl. at 5, courts in this Circuit have held that "[m]erely calling in sick is insufficient to put a company on notice that an employee is requesting leave that may be eligible under the FMLA," *De Figueroa v. New York*, 403 F. Supp. 3d 133, 155 (E.D.N.Y. 2019) (Although "an employee need not give formal notice that [he] intends to take FMLA leave . . . [he] must objectively assert [his] rights under the FMLA."). Fifth, and finally, Plaintiff's assertion that he "was removed from [his] job as a result of being sick," Compl. at 5, does not establish that any request for FMLA leave was either formally denied or discouraged, *De Figueroa*, 403 F. Supp. 3d at 155.

For these reasons, Plaintiff fails to state a claim for FMLA interference.

*B. Retaliation Claim*

Next, to state a retaliation claim under the FMLA, Plaintiff must plead sufficient facts demonstrating that: "(1) [he] exercised rights protected under the FMLA, (2) [he] was qualified for [his] position, (3) [he] suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory

intent." *Serby v. New York City Dep't of Educ.*, 526 F. App'x 132, 134 (2d Cir. 2013); *see also Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 167 (2d Cir. 2017) (holding that a retaliation claim is actionable under 29 U.S.C. § 2615(a)(1)).

Although Plaintiff's assertion that he "was removed from [his] job as a result of being sick" fits more neatly into a retaliation claim than an interference claim, Compl. at 5, Plaintiff likewise fails to state a retaliation claim. First, Plaintiff does not allege that he exercised a right protected under the FMLA; instead, he asserts that he got sick while on vacation and thereafter "communicated to [his] command and the sick desk." *Id.* Second, although Plaintiff does not specifically allege that he was qualified for his position at DOC, assuming the truth of Plaintiff's statement that he was employed there "from 06/29/9" and was still employed there when he fell sick in May 2022, *id.*, the Court draws the reasonable inference that Plaintiff was so qualified, *see Philippe v. Santander Bank, N.A.*, No. 15-cv-2918, 2018 WL 1559765, at *10 (E.D.N.Y. Mar. 31, 2018) ("Plaintiff has satisfied his minimal burden in demonstrating that he was qualified for his position" because "Defendant saw fit not only to hire Plaintiff but retain him for more than two years."). Third, Plaintiff sufficiently alleges that he suffered an adverse employment action, and indeed, the paradigmatic one: he was terminated from his employment. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 164 (2d Cir. 2011) (An adverse employment action is "any action by the employer that is likely to dissuade a reasonable worker in the plaintiff's position from exercising his legal rights."). Fourth, however, Plaintiff does not establish that the termination of his employment occurred under circumstances giving rise to an inference of retaliatory intent. Although he states that he "was removed from [his] job as a result of being sick," he provides no facts—for example, that he was removed immediately after calling in sick—to support that conclusion. Compl. at 5.

Because Plaintiff has not satisfied each element of a FMLA retaliation claim, he fails to state that claim.

**III. Plaintiff FMLA Claim is Likely Time-Barred**

Finally, the Court warns Plaintiff that his FMLA claim is likely time-barred. Plaintiff alleges that he got sick on May 4, 2022, and was subsequently removed from his job, presumably around the same time. *Id.* "The statute of limitations for violation of rights protected by the FMLA is two years after the date of the last event constituting the alleged violation, or three years after the date of the last event constituting a willful violation of section 2615 of the FMLA." *Islam v. Steiner*, 822 F. Supp. 3d 407, 419 (S.D.N.Y. 2026). Here, Plaintiff initiated this action in October 2025. If Plaintiff's claim accrued in May 2022, even assuming he could demonstrate that Defendant willfully violated the FMLA—that Defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FMLA]"—Plaintiff's claim would still be time-barred. *Id.*[3]

**CONCLUSION**

Accordingly, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Plaintiff is *pro se*, the Court grants him leave to file an amended complaint properly naming the City of New York as the Defendant and pleading a timely claim with specific facts showing how Defendant harmed Plaintiff and how Defendant's actions violated

---

[3] The FMLA limitations period can be equitably tolled, but that doctrine is only available "in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Islam*, 822 F. Supp. 3d at 419. To avail himself of equitable tolling, Plaintiff must demonstrate that he "(1) has acted with reasonable diligence during the time period [he] seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* The Court discerns no such circumstances here.

federal law. If Plaintiff files an amended complaint, he must do so on or before September 15, 2026. It should be captioned "Amended Complaint" and include docket number 25-CV-5660 (HG) (CHK). Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency.

No summons shall issue at this time, and all further proceedings shall be stayed. If Plaintiff fails to file an amended complaint by September 15, 2026, judgment shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the address of record and note the mailing on the docket.

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance for free, confidential, limited-scope legal assistance. The Federal Pro Se Legal Assistance Project is not part of the United States District Court.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
August 10, 2026